UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SCOTT A. LINVILLE,

Plaintiff,

vs.

SEARS, ROEBUCK AND CO.; a foreign corporation; and KENT FARNHAM, individually,

Defendants.

Case No. 01-CV-1503 DSD/JMM

**CONFIDENTIALITY AGREEMENT AND ORDER**

The parties to this action, Plaintiff Scott A. Linville ("Plaintiff") and Defendants Sears, Roebuck & Co. ("Sears") and Kent Farnham ("Farnham") (collectively, "Defendants"), by their respective counsel, hereby stipulate and agree, and request that the Court enter a mutual protective order, as follows:

1. Plaintiff or the Defendants may designate as "CONFIDENTIAL" any document, testimony, information or material which they disclose or authorize to be disclosed in the course of this civil proceedings as hereinafter set forth in Paragraphs 2, 3, 4 and 5. Such designation shall subject the information produced or provided under said designation to the provisions of this Confidentiality Agreement.

2. Any writing produced or authorized to be produced by any party or person in this litigation may be designated as "CONFIDENTIAL" by that party stamping the words "CONFIDENTIAL" on the face of the writing or notifying the other parties of the designation.

3. Parties may designate documents, testimony, material or other information as "CONFIDENTIAL" only if they relate to a person's medical or physical condition, personnel

10-25-01
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK
OCT 11 2001
7

records maintained by Sears, investigative records, personnel actions taken by Sears, or trade secrets relating to the products and services of Sears.

4. Plaintiff or the Defendants may designate deposition testimony or any portion of deposition testimony as "CONFIDENTIAL" by advising the reporter and counsel of such designation during the course of the deposition or within thirty (30) days after receipt of the transcript. Portions of any deposition designated "CONFIDENTIAL" are to be filed with the Court under seal, bearing substantially the following designation: "Portions of this deposition were taken subject to a Confidentiality Agreement. These portions shall remain sealed until further agreement of the parties." Whenever any writing designated as "CONFIDENTIAL" is proposed as a trial exhibit or used as a deposition exhibit in this civil proceeding, it shall be so marked.

5. Plaintiff or the Defendants may designate as "CONFIDENTIAL" specific responses to information requests by labeling the specific response "CONFIDENTIAL."

6. Whenever any writing, testimony, information or material designated as "CONFIDENTIAL" is used or submitted to the Court in conjunction with any filing or proceeding in this action, it shall be so marked and shall be filed separately under seal with the Court.

7. Except upon prior written consent of the party asserting "CONFIDENTIAL" treatment or upon further order of a court of competent jurisdiction, documents, testimony, information or material designated as "CONFIDENTIAL" shall be held in strict confidence and shall be used solely for the purposes of prosecution or defense of this civil proceeding. Access to "CONFIDENTIAL" documents, testimony, information or material shall be limited to:

(a) Counsel for the respective parties, including in-house counsel and co-counsel (and employees of said counsel who are assisting in the prosecution or defense of this litigation);

(b) Experts and consultants (including independent experts and consultants, and employees or clerical assistants of said experts) who are employed, retained or otherwise consulted by counsel or a party for the purpose of analyzing data, conducting studies or providing opinions to assist in such litigation;

(c) Parties or officers or employees of the respective parties with a need to know related to this litigation, and

(d) Deposition and trial witnesses in this action.

8. "CONFIDENTIAL" documents, testimony, information or material shall not be disclosed to any expert or consultant (as defined in paragraph 7(b)) unless and until such person has signed and returned to all counsel a written agreement that he/she agrees to be bound by the terms of this Confidentiality Agreement.

9. No party shall, for himself or itself or for any person or persons acting on his or its behalf, make more copies of any "CONFIDENTIAL" information or material than are reasonably necessary to conduct this civil proceeding.

10. Except as otherwise provided for in this Confidentiality Agreement, all "CONFIDENTIAL" information and material shall remain in the possession of counsel for the respective parties, and be stored in a secure place.

11. If Plaintiff or the Defendants object to the designation of any document, testimony, information or material as "CONFIDENTIAL," he or it may, by noticed motion, apply to the Court for a ruling that the document, testimony, information or material shall not be so treated. Unless and until the Court enters an order to the contrary, the documents, testimony,

information or material shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Confidentiality Agreement. The party claiming confidential status shall have the burden on that issue.

12. Should any party hereto seek to utilize any "CONFIDENTIAL" document, testimony, information or material at a pre-trial hearing of this matter, he or it shall meet with counsel for the opposing party in an effort to agree upon a procedure to insure the confidentiality of such document, testimony, information or material. In the event counsel are unable to reach agreement, the matter will be submitted to the Court for resolution. This Agreement and Order shall not govern admissibility of any exhibit or testimony at trial.

13. Upon termination of this litigation, all copies of "CONFIDENTIAL" documents, testimony, information or material (and all summaries thereof) shall be returned to counsel for the producing party(ies), except that such counsel may retain one copy for professional liability and responsibility purposes.

14. This Confidentiality Agreement may be modified or amended by agreement of the parties or by further order of the Court for good cause shown.

Dated: October ~~10~~ 16, 2001

**LITTLER MENDELSON, P.C.**

By: ______________________
Andrew J. Voss (#241556)
Heather C. Sherman (#241556)
Multifoods Tower – Suite 3110
33 South 6th Street
Minneapolis, Minnesota 55402-3720
Telephone: 612.630.1000
Facsimile: 612.630.9626

**ATTORNEYS FOR DEFENDANTS SEARS, ROEBUCK & CO. AND KENT FARNHAM**

Dated: October 10, 2001

**NICHOLS KASTER & ANDERSON, PLLP**

By: ______________________
Donald H. Nichols (#78918)
4644 IDS Center
Minneapolis, Minnesota 55402
Telephone: 612.338.1919

**ATTORNEYS FOR PLAINTIFF SCOTT A. LINVILLE**

**SO ORDERED:**

Dated this 25th day of October, 2001.

BY THE COURT:

______________________
The Honorable David S. Doty

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

---

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

**Please forward this announcement to the recipient of this fax.**

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500